**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **E. EDWARD ZIMMERMANN,**<br><br>Plaintiffs,<br><br>*v.*<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO. 26-CV-281** |

# MEMORANDUM

**Marston, J.** **August 26, 2026**

For the twenty-second time in ten years, pro se Plaintiff E. Edward Zimmermann ("Plaintiff" or "Zimmermann") has brought a suit in the Eastern District of Pennsylvania. (Doc. No. 18 at 1.) This time, Plaintiff submitted a six-page bare-bones Complaint against the United States Department of Health and Human Services ("Government" or "HHS"), requesting declaratory judgement regarding the passage of the Health Care and Education Reconciliation Act of 2010 ("the ACA"). (Doc. No. 7.) The Government moves to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and frustrated by Plaintiff's successive lawsuits, moves to designate Plaintiff as a vexatious litigant under the All Writs Act, 28 U.S.C. § 1651. (*Id.*) Plaintiff opposes the Government's motion on both grounds. (Doc. No. 21.) For the reasons below, we grant the Government's motion in its entirety.

## I. FACTUAL BACKGROUND

Plaintiff alleges he is the owner and operator of a commercial construction company, and as such, is an employer under the National Labor Relations Act ("NLRA"). (Doc. No. 7 at 3.)

Plaintiff is responsible for his employees, which includes instituting the terms and conditions of their employment and establishing their working conditions. (*Id.* at 3.) Plaintiff is engaged in commerce under the NLRA and is responsible for enforcing the Affordable Care Act ("ACA").[1] (*Id.* at 3.)[2]

Plaintiff asserts that Congress enacted the ACA pursuant to its necessary and proper authorities. (Doc. No. 7 at 4.) He pontificates that "if health insurance is appropriate subject matter for bargaining (collectively or individually) and if bargaining is by and between Plaintiff and Plaintiffs Employees then the [ACA] is neither necessary nor is it proper." (*Id.*) Plaintiff further sermonizes "if health insurance is appropriate subject matter for bargaining and if health insurance resides within an individual or collective regulatory scheme[] (sic) of bargaining, then the [ACA] must be preempted by Plaintiff's Fourteenth Amendments rights to procedural due process. Rendering the [ACA] void." (Doc. No. 7 at 5.)

Plaintiff asserts two claims. First, Plaintiff requests declaratory judgment determining whether "Congress's use of its 'necessary and proper' authorities in enacting [ACA] . . . was constitutionally proper." (Doc. No. 7 at 1.) Second, Plaintiff also requests a determination about whether the ACA "is preempted by the regulatory scheme of collective bargaining found in the National Labor Relations Act . . . as well as preempted by the common law regulatory scheme of individual bargaining." (*Id.*) He claims that "[i]njury in fact goes to the original sin (enactment of the [ACA]) and prior restraint of rights." (*Id.* at 2.) And that following the ACA's passage, "through the doctrine of conversion [the Government] took over Plaintiff's (sic) dominion over

[1] Plaintiff incorrectly refers to the Affordable Care Act as the Affordable Health Care Act throughout his Amended Petition. (Doc. No. 7 at 1, 2.)

[2] Plaintiff also baselessly and inappropriately asserts that the ACA was derived from Communist and Nazi ideology. (Doc. No. 7 at 3.) The Court does not engage with this groundless rhetoric.

health insurance and converted it to the federal government's dominion over Plaintiff's (sic) health insurance." (*Id.* at 2–3.)

## II. PROCEDURAL HISTORY

On January 15, 2026, Plaintiff initiated this action against the Government in the Eastern District of Pennsylvania. (Doc. No. 1.) On March 7, 2026, Plaintiff filed an Amended Petition for declaratory relief. (Doc. No. 7.) He paid the filing fee in this case to proceed *in forma pauperis* two days later. (Doc. No. 6.) Subsequently, Plaintiff filed a Motion for Declaratory Judgment against the Government on April 15, 2026. (Doc. No. 12). On April 21, 2026, the Court issued an Order warning Plaintiff that he must make service on the Government by April 24, 2026 or his case could be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 13.) Plaintiff subsequently served the Government and then filed a Motion for Default on June 10, 2026. (Doc. No. 17.)

On June 11, 2026, the Government filed a motion to dismiss for lack of jurisdiction and for a pre-filing injunction. (Doc. No. 18.) Plaintiff filed a response in opposition the next day but did not address the merits of the Government's motion. (Doc. No. 19) On June 15, 2026, the Court denied Plaintiff's Motion for Entry of Default and ordered Plaintiff to show cause why the Court should not impose a pre-filing injunction as set forth in the Government's proposed order attached to its motion. (Doc. No. 20.) Plaintiff filed a substantive response to the Government's motion on June 24, 2026, and an amendment on July 3, 2026. (Doc. Nos. 21, 22.) As this matter is fully briefed, it is ripe for resolution.

## III. LEGAL STANDARDS

### A. Motion To Dismiss for Lack of Subject Matter Jurisdiction

"Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Williams v. Litton Loan Servicing*, No. 16cv5301, 2018 WL 6600097, at *5 (D.N.J. Dec. 17, 2018). "In deciding a motion under Rule 12(b)(1), a court must first determine whether the movant presents a facial or factual attack, because that distinction determines how the pleadings are reviewed." *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 243 (D.N.J. Dec. 11, 2015); *see also Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000) ("A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction."). Here, the Government brings a facial challenge because it "contests the sufficiency of the complaint because of a defect on its face." *Williams v. Litton Loan Servicing*, 2018 WL 6600097, at *5 (D.N.J. Dec. 17, 2018) (quotation marks omitted). "Thus, we consider whether Plaintiffs' allegations, attached documents, and referenced proceedings establish the necessary jurisdiction . . . ." *Myers v. Caliber Home Loans, Seterus, Inc.*, 2019 WL 4393377, at *3 (M.D. Pa. Sept. 13, 2019).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But "an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up) (emphasis in original). The Court may also "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotations omitted).

As Zimmermann is proceeding pro se, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). But he "still must allege sufficient facts" in his complaint "to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### B. Designation as a Vexatious Litigant Pursuant to the All Writs Act

The All Writs Act, 28 U.S.C. § 1651, allows a district court to restrict "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (citing 28 U.S.C. § 1651(a)); *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The All Writs Act permits the Court to "issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). However, a court's ability to enjoin vexatious litigation is limited both by a litigant's right to access the courts, as well as due process protections. *Brow*, 994 F.2d at 1038. Thus, for a court to properly issue such an injunction, a district court must: "(1) not restrict a litigant from filing claims 'absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions,' (2) 'give notice to the litigant to show cause why the proposed injunctive relief should not issue' and (3) 'narrowly tailor' the injunction 'to fit the particular circumstances of the case before the Court.'" *325 S. 18th St., LLC v. Philadelphia Cmty. Dev. Coal.*, No. 25cv6867, 2026 WL 482850, *4 (E.D. Pa. Feb. 20, 2026) (citing *Brow*, 994 F.2d at 1038)).

The Third Circuit has clearly established that "a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (first citing *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); and then citing *In re Oliver*, 682 F.2d 443, 446 (3d

Cir. 1982). A court order limiting future filings should be narrowly tailored to the specific matters a petitioner or plaintiff has been filing repeatedly. *Chipps*, 882 F.2d at 73. But "a district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute." *Id.*

## IV. DISCUSSION

The Government first moves to dismiss Plaintiff's Amended Petition for lack of subject matter jurisdiction and then moves to enjoin Plaintiff as a vexatious litigant under the All Writs Act. (Doc. No. 18.) We address each of the Government's arguments in turn below.

### A. Government's Motion to Dismiss

First, the Government moves to dismiss Plaintiff's Amended Petition for lack of subject matter jurisdiction, specifically asserting that the Plaintiff has not alleged any concrete and particularized injury that he has suffered because of the existence of the ACA, and therefore, lacks standing. (Doc. No. 18 at 10.) Second, the Government contends that the United States and its agencies are immune from lawsuits unless they consent to be sued, and that Plaintiff has failed to present a waiver of sovereign immunity. (*Id.*) Plaintiff does not address either of these arguments in either of his oppositions to the Government's motion to dismiss.[3, 4] (Doc. No. 21.) (Doc. No. 22.)

[3] Instead, Plaintiff spends most of his energy in his responses defending his Amended Petition. He writes, for example, "[m]aybe Plaintiff is constitutionally brilliant, and the government is frivolous and meritless" and "[w]ith all due respect and without being self-serving, every real attorney was wrong, and with all due respect and without being self-serving Plaintiff is right." (Doc. No. 21 at 2-3).

[4] Plaintiff further argues that "[t]he [ACA] can never be constitutionally pure because it was derived directly from the confines of the Communist Manifesto and Mein Kampf." (Doc. No. 7 at 3.). Again, the Court will not address these deeply disturbing allegations, as we have already determined that Plaintiff's claims fail for standing and sovereign immunity rationales.

The Court agrees with the Government that Plaintiff lacks standing. To establish Article III standing, a Plaintiff must demonstrate three elements: (1) an injury in fact, (2) a causal connection between the injury and the challenged conduct, and (3) redressability by a favorable court decision. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 562 (1992). To survive the injury requirement, a Plaintiff must show an injury that is "concrete and particularized" and an "actual or imminent invasion of a legally protected interest." *Id.* Here, Plaintiff has failed to demonstrate a concrete or particularized injury. (Doc. No. 7.) At no point in Plaintiff's Amended Petition does he point to a method by which the ACA, and its alleged unconstitutionality, would cause an injury to him specifically. The Court agrees with the Government that Plaintiff's assertion that the ACA is an "original sin" (Doc. No. 7 at 2) is "insufficient [to establish standing] as there is no 'generalized interest of all citizens in constitutional governance' that can be enforced through judicial action." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 482 (1982). Rather, a plaintiff must be affected "in a personal and individual way" to show he has standing, which Plaintiff has not alleged here. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 245 (3d Cir. 2012). Because Plaintiff lacks standing, the Court need not address the Government's immunity argument.[5] Thus, Plaintiff's claims must be dismissed.

---

[5] Though the Court need not get to the Government's second argument, the Court also agrees with the Government that the United States is immune from suit here. "It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F. 3d 408, 412 (3d Cir. 2000) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Moreover, when the Government does consent to be sued, "the terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). "[W]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed,'" and any such waiver must be construed strictly in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992). The Court agrees with the Government that no waiver of sovereign immunity has attached to Zimmermann's claims against the Government. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir.

**B. Government's Motion to Enjoin Plaintiff as a Vexatious Litigant**

Second, the Government moves to enjoin Plaintiff as a vexatious litigant pursuant to the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 18 at 16.) The Government moves to enjoin Plaintiff from filing any new case against the United States in the Eastern District of Pennsylvania without leave of Court. In any request by Plaintiff for leave to submit further filings in this matter or any new case he attempts to initiate, the Government moves for an order that he "be required to first certify to this Court that the claims being presented do not concern the validity of federal laws or regulations and are unrelated to any prior claim Plaintiff has brought against the United States." (Doc. No. 18 at 1.) The Government argues that all three requirements for a pre-filing injunction are present and Zimmerman "has continually abused the judicial process by filing at least 19 meritless complaints over the past 10 years." (*Id.*) Plaintiff has filed all of these Complaints in the Eastern District of Pennsylvania, which the Government contends all "generally seek advisory opinions regarding federal statutes without alleging any concrete injury." (Doc. No. 18 at 8.)

In response to the Government's motion to enjoin Plaintiff as a vexatious litigant, Plaintiff asserts that "[t]he constitutional challenges Plaintiff has brought before the Eastern District are anything but vexatious. Rather, they are without a doubt landmark and are some of the largest, most significant, far-reaching constitutional challenges to have been brought before the independent judiciary (all be it procedurally incorrect) since the enactment of the constitution." (Doc. No. 21-1 at 2.) Plaintiff also reasons that "litigation that is most likely to gain the attention of the Supreme Court cannot for any reason be considered meritless, frivolous

---

2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities."). Since there is no waiver of sovereign immunity for Plaintiff's claims against the Government, Plaintiff's claims may not proceed.

or burdensome." (*Id.* at 3.) Plaintiff also notes that "of course the Government does not like my challenges. Every challenge takes governments ill-gotten powers away and returns every 'GOD GIVEN RIGHT OF FREEDOM'…back to Plaintiff and we the people. Constitutional challenges that return freedoms to their rightful owners cannot be vexatious." (*Id.* at 4.)

The Court does not find Plaintiff's reasoning compelling. For the reasons described below, the Court agrees with the Government that Zimmerman has a "a pattern of groundless and vexatious litigation [that] justify an order prohibiting further filings without permission of the court." *Chipps*, 882 F.2d at 73.

### *1. Plaintiff's History of Lawsuits in the Eastern District of Pennsylvania*

First, the Court briefly describes Plaintiff's prior Complaints filed against the United States in the Eastern District of Pennsylvania.[6]

Beginning in 2016, Plaintiff brought claims against the U.S. Department of Labor ("DOL"), the U.S. National Labor Relations Board ("NLRB"), and the Commonwealth of Pennsylvania Department of General Services. (Doc. No. 18 at 8–9.) His first suit challenged the "requirements set by the federal government for the wages he pays his employees." (*Id.*) That suit was ultimately dismissed with prejudice, and on appeal, the District Court's ruling was affirmed by the Third Circuit. (*Id.*)

Undeterred by his losses in both the District and Circuit Court, in 2020, Plaintiff filed two new Complaints. The first Complaint was filed against DOL, NLRB, and the United States, and Plaintiff argued that he "was being denied access to unspecified federal contracting opportunities because he failed or refused to meet federal requirements for his employees' working and employment conditions." (*Id.* at 10.) Plaintiff requested $425,000,000 in damages. *See*

---

[6] A list of Plaintiff's dismissed lawsuits in the Eastern District of Pennsylvania is laid out chronologically in a chart in Appendix A of this memorandum.

*Zimmermann v. The United States Government*, ECF No. 1, 20-cv-0755 (Feb. 10, 2020). That suit was dismissed, as it was barred by *res judicata*. (Doc. No. 18 at 10.) Zimmerman's second suit in 2022 was filed against the Attorney General of the United States. (*Id.* at 11.) After being transferred to the Middle District of Pennsylvania, it was dismissed for lack of proper service. (*Id.*)

In 2021, Plaintiff filed a remarkable *eight* new Complaints against the United States, four of which he ultimately withdrew. (*Id.* at 11–12.) The other four were dismissed by Judge Baylson. (*Id.*) In total, four of those Complaints challenged the Davis Bacon Prevailing Wage Act ("PWA"). One of those Complaints was dismissed because of *res judicata*, lack of standing, and failure to state a plausible claim while another was dismissed for failure to prosecute. (*Id.*) In one of these Complaints, Plaintiff argued that he could not fulfill his "duty in law because the (sic) Governments Prevailing Wage Statute is in conflict with the regulatory scheme of the NLRA." *Zimmermann v. The United States Government*, ECF No. 1, 21-cv-1768 (Apr. 14, 2021). That year, three of Plaintiff's Complaints posited concerns with the Federal Marshal's office, including that they entered his "private property without a warrant" and "interrogated" him regarding "the subject matter of this litigation." *Zimmermann v. The United States Government*, ECF No. 1, 21-cv-4124 (Sept. 12, 2021). Finally, Plaintiff also filed a Complaint against the United States that year for retaliating against him when he asked a District Court Judge a constitutional question. *See Zimmermann v. The United States Government*, ECF No. 1, 21-cv-5344 (Nov. 22, 2021).

Unmoved by the six motion to dismisses already filed against Plaintiff (not including the four Complaints Plaintiff also withdrew), Plaintiff filed four additional Complaints against the United States in 2022. (Doc. No. 18 at 13.) One of those Complaints was dismissed for failure

to prosecute, and the other three were withdrawn by Plaintiff. (*Id.*) All of those Complaints raised concerns about the NLRA. *See Zimmermann v. The United States Government*, ECF No. 1, 22-cv-220 (Jan. 10, 2022); *Zimmermann v. The United States Government*, ECF No. 1, 22-cv-1025 (Mar. 15, 2022); *Zimmermann v. The United States Government*, ECF No. 1, 22-cv-3512 (Aug. 30, 2022); *Zimmermann v. The United States Government*, ECF No. 1, 22-cv-4537 (Nov. 8, 2022). Two of them addressed issues with the PWA, and the other two focused on the ACA. *Id.* Then, in 2023, Plaintiff again filed two suits against the Federal Marshals Service. (Doc. No. 18 at 13.) Both were withdrawn by Plaintiff. (*Id.*) Plaintiff continued unabated, filing two additional Complaints in 2025. (*Id.*) The first was filed broadly against the "United States Government" and the second was filed against DOL specifically. (*Id.* at 13–14.) The first Complaint requested a writ of mandamus about the ACA, and the second concerned the PWA. (*Id.*) Again, both were ultimately withdrawn by Plaintiff. (*Id.*) Finally, in 2026, Plaintiff filed two additional Complaints, in addition to the Complaint that is the focus of this memorandum. (*Id.* at 15.) Both Complaints were filed against DOL and were dismissed for lack of proper service. *See Zimmermann v. U.S. Department of Labor*, ECF No. 17, 26-cv-597 (June 24, 2026); *Zimmerman v. U.S. Department of Labor*, ECF No. 11, 26-cv-1366 (July 20, 2026).

### ***2. Injunction of Zimmermann as a Vexatious Litigant***

Plaintiff's significant and patterned number of Complaints, which are oriented around substantially similar subject matter and are directed against largely the same Defendants, persuades this Court that enjoining him as a vexatious litigant is necessary. The Court agrees with the Government that the three factors necessary for a filing injunction are present here.

First, the Court finds that Plaintiff is continuously filing "meritless and repetitive actions" that constitute "abuse of the judicial process." *325 S. 18th St., LLC*, 2026 WL 482850, *4. The

Court's own review of Plaintiff's prior Complaints shows that Plaintiff has brought five Complaints pursuant to the ACA, nine Complaints pursuant to the PWA, and fifteen Complaints pursuant to the NLRA. *See supra* section IV.B.1. Plaintiff has sued the DOL four times and the "United States Government" over fifteen times. *Id.* Plaintiff explicitly requested damages in only five of his Complaints; nonetheless, his aggregate requests for relief exceed $700 million.[7] And, although Plaintiff has withdrawn eleven of his Complaints, the court resources required to assess them remain significant, and Defendants have often still been required to respond before Plaintiff decides to withdraw. (Doc. No. 18 at 14.) *See Jaye v. Shipp*, No. 17cv5257, 2018 WL 2278100, at *1 (D.N.J. May 18, 2018) (entering an injunction against a pro se litigant to stop "abuse of the system and futile expense, as Defendants are forced to repeatedly defend against ultimately frivolous lawsuits"). Critically, Plaintiff has yet to file one case which has been successfully found to be meritorious. Instead, every case that Plaintiff has not withdrawn or failed to serve or prosecute has been dismissed, and several have been barred by *res judicata.* (Doc. No. 18 at 11–12.) Courts have consistently enjoined Plaintiffs for groundlessly abusing the judicial process, especially to file Complaints that are repetitive or are frequently directed to the same Defendants. *See Mina v. Montgomery*, No. 18cv5556, 2019 WL 2060111, at *1 (E.D. Pa. May 8, 2019) (finding that a Plaintiff who filed ten of the same, or substantially similar subject matter actions over a six-year period will be restricted from raising any claims that were previously asserted).

---

[7] *See Zimmerman v. The United States Government*, ECF No. 1, 20-cv-755 (Feb. 10, 2020); *Zimmerman v. The United States Government*, ECF No. 1, 21-cv-4716 (Oct. 22, 2021); *Zimmerman v. The United States Government*, ECF No. 1, 21-cv-2336 (May 29, 2021); *Zimmerman v. The United States Government*, ECF No. 1, 21-cv-5344 (Nov. 22, 2021); *Zimmerman v. The United States Government*, ECF No. 1, 23-cv-3232 (Aug. 21, 2023).

Second, Zimmerman was "given notice of the potential injunction and an opportunity to oppose it." *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. Aug. 19, 2013) (citing *Brow*, 994 F.2d at 1038). On June 15, 2026, the Court ordered Plaintiff to respond to the Government's motion to enjoin Plaintiff as a vexatious litigant and show cause why the Court should not impose a filing injunction as set forth in the Government's Proposed Order attached to its motion. (Doc. No. 20 at 1.) Plaintiff opposed the Government's motion. (See Doc. Nos. 19, 21, 22.)

Third, the Government's proposed injunction is "narrowly tailored to fit the specific circumstances of [Zimmerman's] repetitive filings." *Grossberger*, 535 F. App'x at 86 (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). Here, Plaintiff will be enjoined from filing any claims against the United States Government that have already been asserted, including, but not limited to, lawsuits regarding the ACA, the PWA, and the NLRA. Given Plaintiff's repetitive, non-meritorious, and dilatory chronology of filings that all target similar government agencies, this injunction is narrowly tailored to Plaintiff's historical litigation narrative against the Government. *See Foster v. Slomsky*, No. 23-1298, 2024 WL 1574920 at *3 (3d Cir. Apr. 11, 2024) (upholding an injunction against a Plaintiff as narrowly tailored because "[t]he injunction restricted only Foster's ability to file documents on the existing dockets or any new case related to the same underlying claims, while also providing that Foster could seek leave of court to make such new filings if they are not frivolous or do not seek relief previously denied.")

The Court will not prohibit Plaintiff from filing lawsuits; instead, going forward, Plaintiff must request permission of the court to safeguard the judicial resources that have been strained in responding to Plaintiff's frequent, successive complaints.

## V. CONCLUSION

For the reasons set forth above, the Government's motion to dismiss is granted and Plaintiff's request to enjoin Plaintiff as a vexatious litigant is granted. An accompanying Order follows.

**Appendix A**

| Year | Outcome | Civ No. |
|---|---|---|
| 2016 | Dismissed with Prejudice | 16-cv-4564 |
| 2020 | Dismissed *sua sponte* and with prejudice, as the Complaint was barred by *res judicata* | 20-cv-0755 |
| 2020 | Transferred to MDPA and dismissed for lack of proper service | 20-cv-3218 |
| 2021 | Dismissed as Complaint was barred by *res judicata*, lacked standing, and failed to state a plausible claim | 21-cv-194 |
| 2021 | Dismissed for failure to prosecute | 21-cv-1768 |
| 2021 | Dismissed *sua sponte* | 21-cv-2009 |
| 2021 | Plaintiff withdrew | 21-cv-2336 |
| 2021 | Plaintiff withdrew | 21-cv-4124 |
| 2021 | Plaintiff withdrew | 21-cv-4716 |
| 2021 | Dismissed | 21-cv-5344 |
| 2021 | Plaintiff withdrew | 21-cv-5237 |
| 2022 | Plaintiff withdrew | 22-cv-220 |
| 2022 | Plaintiff withdrew | 22-cv-1025 |
| 2022 | Dismissed for failure to prosecute | 22-cv-3512 |
| 2022 | Plaintiff withdrew | 22-cv-4537 |
| 2023 | Plaintiff withdrew | 23-cv-1076 |
| 2023 | Plaintiff withdrew | 23-cv-3232 |
| 2025 | Plaintiff withdrew | 25-cv-2321 |
| 2025 | Plaintiff withdrew | 26-cv-4467 |
| 2026 | Dismissed for lack of proper service | 26-cv-597 |
| 2026 | Dismissed for lack of proper service | 26-cv-1366 |
| 2026 | Dismissed for lack of subject matter jurisdiction | 26-cv-281 |